BRANDON WINSTEAD

VERSUS

ST. BERNARD PARISH
COUNCIL, GUY MCINNIS,
AND DAVID PERALTA, IN
THE OFFICIAL CAPACITY AS
ADMINISTRATIVE
ADJUDICATION FOR THE
BOARD OF ST. BERNARD
PARISH OF THE STATE OF
LOUISIANA

\* NO. 2021-CA-0426

\*

COURT OF APPEAL

\* FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 17-1512, DIVISION "C"
Honorable Kim C. Jones, Judge Presiding
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Paula A. Brown )


Brandon Winstead
P.O. BOX 565
Chalmette, LA 70044


      PRO SE PLAINTIFF/APPELLANT


Ashton Licciardi
Assistant District Attorney
St. Bernard District Attorney's Office
1101 W. St. Bernard Hwy
Chalmette, LA 70043


      COUNSEL FOR DEFENDANT/APPELLEE


        **AFFIRMED**

        **November 10, 2021**

This appeal is taken from the district court's affirmation of an order rendered by the Board of Administrative Adjudication (BAA). For the reasons that follow, the district court's decision is affirmed.

Brandon Winstead owns immovable property located at 320 East St. Jean the Baptiste in St. Bernard Parish ("the Property"). On March 21, 2018, the BAA held a hearing regarding several violations that were issued by St. Bernard Parish ("the Parish") due to the deteriorated condition of the property.[1] At the hearing, Mr. Winstead appeared and was represented by an attorney. The Parish called two witnesses to testify about the Property.

First, Chad Coulon, a neighbor directly adjacent to the Property, was called to testify. Mr. Coulon is a licensed master plumber that owns and operates a plumbing business. He testified that approximately six to eight months prior to the BAA hearing Mr. Winstead requested that Mr. Coulon provide him with an

---

[1] Minimum Housing Standards; Dangerous Structure or Premises; Motor Vehicles (2 Count(s)); Sanitation; Vacant Structures or land; and Use of Land or Building (2 counts)

1

estimate to do plumbing work in the dwelling located on the Property. Mr. Coulon stated that when he entered the dwelling he observed that there were no water lines only a garden hose attached to a spigot on the outside of the dwelling running under the front door. Thus, there were no functioning toilets, bathtubs, or showers. Further, he stated that the walls were open exposing an active termite infestation and the floors were unsecure. Even though the dwelling appeared to be without basic necessities, Mr. Coulon claimed that Mr. Winstead stayed there regularly. He further detailed that the Property was overgrown and there were some vehicles that appeared inoperable. Mr. Coulon also stated that Mr. Winstead did not have a garbage can and he had a large dumpster full of household garbage.

The next witness was Cynthia Varnado. Ms. Varnado is a neighbor that lives across the street from the Property. She also testified to the condition of the Property and that Mr. Winstead regularly inhabited the dwelling on the Property. After presenting the witnesses, the Parish introduced several demonstrative exhibits illustrating the condition of the Property. The exhibits also evidenced the presence of two pick-up trucks and a cargo trailer on the Property. Both trucks and the trailer were marked with the name of Mr. Winstead's business Architectural Roofing and Renovations, LLC. Additional exhibits showed that one truck had no safety sticker and a license plate that had been expired for several years. The other truck had a flat tire and an expired safety sticker. This evidence was illustrated through pictures taken in November of 2017 and March of 2018 to indicate that the

condition and positions of the trucks and trailer had not changed in that time period.

Mr. Winstead did not present any witnesses or exhibits. After the hearing, the BAA, acknowledging that Mr. Winstead had applied for and obtained a permit for improvements, ordered deadlines for certain improvements to be made to the Property and imposed fines and fees in the amount of $650.00.

Mr. Winstead appealed the BAA's order to the district court. He also filed a motion to strike the word "demolition" from the order and any filed pleading. The district court conducted a hearing on the matter. Mr. Winstead was represented by counsel at the hearing. The district court rendered judgment on April 30, 2021. The judgment affirmed the BAA's order with the word "demolition" being struck from the order and any pleadings filed by the Parish.

On appeal to this Court Mr. Winstead challenges the district court's affirmation of the BAA's March 21, 2018 order. His primary argument is that the Parish's actions are unconstitutional in that it exceeded its statutory authority.

Section H of La. R.S. 13:2575 provides that "[a]ny property owner or mortgagee of record of property determined to be blighted or abandoned property, or any person determined by the hearing officer to be in violation of a public health, housing, fire code, environmental, or historic district ordinance may appeal this determination to the appropriate district court." The district court acts in the capacity of an intermediate appellate court. La. R.S. 49:964. The district court's decision can be challenged in the appropriate appellate court as in other civil cases.

La. R.S. 49:965. An appellate court reviews an administrative agency's findings and decision and not the decision of the district court. *Bourgeois v. Louisiana State Racing Comm'n*, 2010-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So.3d 851, 856.

Parishes and municipalities are authorized to enact ordinances relative to public health, housing, and environmental violations pursuant to La. R.S. 13:2575. Here, the St. Bernard Code of Ordinances grants the BAA hearing officer the power to order that code violations be remedied within a stipulated time period. St. Bernard Code of Ordinances, Sec. 2.5-7(I). The hearing officer is also authorized to levy fines and hearing costs, among other things. *Id.* The language in the St. Bernard Code of Ordinances mirrors the language of La. R.S. 13:2575.

On the record before this Court, the Parish proved the alleged code violations without contradiction. The order from the BAA, that is being challenged, conforms with the authority granted the hearing officer. For these reasons, the district court's judgment affirming the BAA's order is affirmed.

AFFIRMED